UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOY BOUCHALEON, Petitioner, v. WARDEN, OTAY MESA DETENTION CENTER, et al., Respondents. | Case No.: 3:26-cv-3553-CAB-MSB<br>**ORDER:**<br>**(1) DENYING PETITION FOR A WRIT OF HABEAS CORPUS; and**<br>**(2) DENYING EX PARTE MOTION AS MOOT, [Doc. No. 4].** |

On June 15, 2026, Petitioner Noy Bouchaleon filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1 ("Petition").] The Court ordered briefing, which is now complete. On June 30, 2026, Respondents filed an ex parte motion to vacate the Court's order enjoining them from removing Petitioner from this District. [Doc. No. 4.] For the following reasons, the Court **DENIES** the Petition and **DENIES AS MOOT** Respondents' ex parte motion.

Petitioner is a native and citizen of Laos. She entered the United States as a refugee in 1982 when she was a child and later obtained status as a lawful permanent resident. Following a federal drug conviction and resulting three-year prison sentence, Petitioner received a final order of removal on February 13, 2012. At that time, Laos would not

accept her return and so she was placed on supervision and required to check-in regularly. On June 2, 2026, Respondents detained Petitioner to effectuate her removal. Respondents attest that they have a travel document for Petitioner's return to Laos and a confirmed flight itinerary within the next five days. [Doc. No. 3 at 1–2; Doc. No. 4 at 1–2.]

Petitioner claims that her detention is unlawful under 8 U.S.C. § 1231(a), *Zadvydas v. Davis*, 533 U.S. 678 (2001), and 8 C.F.R. § 241.13 because she says (1) there has been no material change in circumstances since she was ordered removed in 2012 and (2) there is no significant likelihood of her removal in the reasonably foreseeable future. [Petition at 34–37.] Given Respondents' representations, supported by documents and declarations, that they are ready and able to remove Petitioner imminently, the Court disagrees. Petitioner is subject to a final order of removal and was given notice that her release was being revoked in order to effectuate her removal to Laos. And by her own admission, the only obstacle to executing the removal order was Laos' willingness to accept her; that obstacle has now been removed.

The Court therefore **DENIES** the Petition because Respondents have shown that Petitioner's removal is significantly likely to occur in the reasonably foreseeable future. The denial of the Petition resolves this case and therefore lifts the Court's prohibition on transferring Petitioner outside the Southern District of California. [Doc. No. 2.] Respondents' ex parte motion is therefore **DENIED AS MOOT**. [Doc. No. 4.]

The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated: July 1, 2026

Hon. Cathy Ann Bencivengo
United States District Judge